THE MARY A. TROOP.

(District Court, D. Washington, N. D.  October 17, 1898.)

ADMIRALTY—LIBEL FOR WAGES—WEIGHT OF EVIDENCE.
Where there is a direct conflict of evidence between the witnesses for a libelant suing for wages and the captain, the fact that there was another witness, who knew the facts in dispute, and apparently might have been examined by the claimant, will determine the issue in favor of the libelant.

P. P. Carroll, for libelant.
W. H. Gorham, for respondent.

HANFORD, District Judge.  This is a suit in rem to recover mariner's wages.  The answer admits the contract and services as alleged in the libel, but charges the libelant with desertion.  The evidence shows that the libelant did leave the service of the vessel without completing the term for which he was hired, and without the captain's consent.  The question in the case is whether the libelant, while in the service of the vessel, was subjected to such ill treatment at the hands of the master as to justify him in leaving the ship.  The evidence is contradictory, and it is extremely difficult to reach a satisfactory conclusion.  The testimony of the libelant and that of three of his shipmates is to the effect that during the voyage the captain used abusive language, and that he made violent assaults upon different members of the crew without any cause or necessity, and that the food and water furnished to the crew were insufficient in quantity, and much of it was spoiled, being maggoty and decayed, and unfit for use as food by human beings, and that complaints regarding the food were made to the captain, but were without result, except that after the complaints the men fared worse.  This is all positively denied by the captain, who is the only witness called in behalf of the claimant.  I do not feel convinced beyond a reasonable doubt that the story of hardship told by these sailors is true, but I must give their testimony due weight, and decide according to the preponderance.  If their evidence is entirely false, as the captain has sworn, there is at least a probability that other evidence to corroborate the testimony of the captain could easily have been introduced.  Evidence given on the part of the libelant shows that the cook, who knew all about the quantity and quality of the food served to the crew during the voyage, was still in the ship, and under the captain's control, at the time the depositions were taken.  If for any reason his testimony could not be produced, some explanation of that fact should have been offered.  In summing up I find that the libelant has supported his allegations by the testimony of three witnesses besides himself, who are unimpeached, except that they are contradicted by the testimony of the claimant, who has offered no corroborating evidence, and appears to have failed to call an important witness whom he could easily have produced.  I therefore award to the libelant wages at the rate of $17.50 per month from the 22d day of December, 1897, to the 7th day of July, 1898, less $25.50; being the amount which the

libelant admits to have received in advance wages and goods from the slop chest. The captain's testimony is that the slop-chest account amounted to about $30; but he should have taken the pains to have stated the account accurately, because it was his business to keep a true account, and when called upon he should have furnished an accurate statement of what he claimed was due the ship from the libelant. Having failed in this, I can allow only the amount which the libelant admits.